UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM D. SPEARS | No. 24 CR 50051<br><br>Judge Iain D. Johnston |

## GOVERNMENT'S SENTENCING MEMORANDUM

For the reasons stated herein, the government respectfully requests that the Court impose a sentence of 188 months' imprisonment for Count Three and 180 months' imprisonment for Count Five, sentences to be served concurrently. Such a sentence is necessary and reasonable upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).[1]

Defendant has pled guilty via plea agreement to one count of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Three) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). On or about June 20, 2024, defendant possessed a 9-millimeter handgun and approximately 672.4 grams of cocaine with the intent to distribute. PSR ¶¶ 12-17. Defendant faces a statutory minimum sentence of 5 years' imprisonment and a statutory maximum of 40 years' imprisonment for Count Three and 15 years' imprisonment for Count Five (PSR ¶¶ 120-121), to be followed by a period of supervised release of at least four years, up to life (PSR ¶ 127). He also faces a potential fine and a statutorily-required special assessment for each count.

---

[1] The Presentence Investigation Report is cited as "PSR," followed by the applicable paragraph number.

## I. Factual Background

On March 11, 2024, as part of an ongoing law enforcement investigation, officers with the Winnebago County Sheriff's Department conducted a controlled purchase of 3.8 grams of cocaine from defendant using a cooperating witness. PSR ¶ 13. The investigation continued until June 20, 2024, the cooperating witness arranged to purchase two "8-Balls" of cocaine from defendant. PSR ¶ 14. Officers from the Winnebago County Sheriff's Department waited outside defendant's apartment in Rockford, and they arrested defendant as he left the apartment to conduct the drug sale. Officers found three baggies containing a total of 3.5 grams of cocaine and $1,118 in cash that was the proceeds of previous narcotics sales. *Id*.

Following defendant's arrest, officers searched defendant's apartment and found a Llama-Gabilondo y Cia SA 9-millimeter handgun, bearing serial number A78789, which was loaded with one round in the chamber and with a magazine containing six additional rounds of 9-millimeter ammunition. Officers also located three loose 9-millimeter rounds of ammunition, approximately 28 grams of cocaine, three digital scales with a white powder residue, and baggies. PSR ¶ 15.

That same day, officers searched a storage unit rented by defendant. That search revealed approximately 672.4 grams of cocaine wrapped in a plastic bag as well as $17,000 in cash. PSR ¶ 17.

## II. Sentencing Guidelines and Criminal History

### *A. Offense Level Calculations*

The government agrees with the Presentence Investigation report ("PSR") that the 2025 edition of the Guidelines Manual governs the calculation of the advisory Guidelines range for this offense. PSR ¶ 20. Likewise, the government agrees with Probation's calculations (PSR ¶¶ 21-53) that result in a total offense level of 31.

*B. Criminal History Category*

Similarly, the government agrees with Probation's conclusion that the defendant is a career offender, which places him in Criminal History Category VI. PSR ¶ 72.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence of 188 Months' Imprisonment for Count Three and 180 Month's Imprisonment for Count Five

As set out in Title 18, United States Code, Section 3553(a), the Court must consider several factors in determining the sentence, including but not limited to, the nature and circumstances of the offense, defendant's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, provide adequate deterrence, protect the public, and to provide just punishment. Each of the factors is discussed below.

*A. Nature and Circumstances of the Offense*

The nature and circumstances of the offense are extremely serious. Defendant possessed approximately 672.4 grams of cocaine in his storage unit, and he intended to sell that cocaine to the community. He was on his way to complete a drug transaction when officers arrested him. Given the amount of cocaine he intended to sell at that transaction, defendant had enough cocaine to complete approximately 200 similar sales. Defendant's actions significantly contributed to the drug problem plaguing the Rockford community.

Furthermore, defendant – a multi-convicted felon who qualifies as a career offender under the sentencing guidelines – possessed a loaded firearm in his apartment. While he did not bring the firearm with him when he left his apartment to conduct the drug transaction that day, defendant still possessed a loaded firearm near his three scales, baggies, and other cocaine. The fact that there was a round of ammunition in the chamber as well demonstrates that defendant was prepared to use it at a moment's notice, if necessary.

*B. History and Characteristics of the Defendant*

The history and characteristics of the defendant support a substantial sentence. Defendant has a near-continuous history of convictions for narcotics offenses, starting from age 19 and continuing until the instant offense conduct. PSR ¶¶ 60, 65, 66, 67, 69. Specifically, defendant has been selling cocaine and unlawfully possessing weapons since the age of 33. PSR ¶ 66.

On September 28, 1992, defendant was convicted of a violation of the Illinois Controlled Substances Act and sentenced to a 30-year sentence in the Illinois Department of Corrections. PSR ¶ 66. Defendant was found in possession of more than 8 kilograms of cocaine, and he admitted that he had purchased approximately 20 kilograms of cocaine in total. *Id*. While the charge was dismissed, defendant had also been charged with unlawful possession of a weapon by a felon from this encounter. *Id*. Defendant was released on parole for this conviction on September 27, 2006.

Less than two years later, while still on parole for the above conviction, defendant committed another drug trafficking offense. PSR ¶ 67. During this incident, defendant was found to be in possession of 56.1 grams of cocaine, 263.1 grams of marijuana, a digital scale, baggies, a silver handgun, and $2,900. *Id*. Defendant was sentenced to 15 years' imprisonment, which was later reduced to 12 years' imprisonment, and he was released on parole on April 3, 2014. *Id*.

Defendant committed another drug trafficking crime while on parole for the previous offense. PSR ¶ 69. Defendant was found in possession of approximately 23.4 grams of cocaine and another loaded firearm.

These incidents demonstrate that defendant has a concerning history of committing drug trafficking and firearm offenses, despite receiving significant custodial sentences.

*C. The Need for the Sentence to Afford Adequate Deterrence and Protect the Public*

Specific deterrence requires a substantial custodial sentence. Drug trafficking and possession of firearms by a felon are both serious offenses, history has shown a lack of rehabilitation or willingness to change thus far. Defendant has shown in his nearly 50-year history of criminal activity that he is at a serious risk of recidivating. While the government acknowledges the defendant's age at the time of sentencing, his advanced age has not yet prevented defendant from continuing to engage in drug trafficking and firearm offenses, as shown by the instant offense committed at the age of 66.

Moreover, a significant sentence is necessary to protect the public and the community from defendant's continued drug trafficking activities. Defendant's actions over the years have resulted in countless sales of narcotics, most of which appears to be cocaine. It appears the only time defendant is not attempting to sell narcotics is when he is in custody; therefore, a significant sentence is necessary to prevent further drug trafficking.

**Supervised Release**

The government recommends that the Court impose a four-year term of supervised release, and requests that the Court impose the mandatory, discretionary, and special conditions of supervised release listed on pages 27-35 of the PSR for the following reasons:

- Proposed Discretionary Conditions Nos. 4, 6, 7 and 9, and Special Conditions No. 11, 15, and 16 should be imposed because they will support defendant's rehabilitation and reintegration into the community and ensure that defendant is engaged in lawful pursuits, rather than criminal activity.

- Proposed Discretionary Conditions Nos. 14, 15, 16, 17, 18 and 22, and Special Conditions Nos. 6 and 11 should be imposed because they will facilitate supervision by the probation officer and, in doing so, encourage defendant to comply with the law and deter him from committing future crimes.

- Proposed Special Conditions Nos. 5, 6, 7, 8, and 10 should be imposed because it will promote financial responsibility.

## **Conclusion**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 188 months' imprisonment for Count Three and a sentence of 180 months' imprisonment for Count Five, sentences to run concurrently, to be followed by four years of supervised release.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Andrew M. Rosati*
ANDREW M. ROSATI
Assistant United States Attorney
327 S. Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444

**CERTIFICATE OF FILING AND SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S SENTENCING MEMORANDUM**

was served on October 16, 2026, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Andrew M. Rosati*
ANDREW M. ROSATI
Assistant United States Attorney
327 S Church Street, Suite 3300
Rockford, IL 61101
(815) 987-4444