UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | The Honorable Iain D. Johnston |
| | ) | Case No. 24-CR-50051 |
| | ) | |
| WILLIAM D. SPEARS | ) | |

**DEFENDANT, WILLIAM D. SPEARS, SENTENCING MEMORANDUM**

NOW COMES the defendant, WILLIAM D. SPEARS, by and through his attorney, GLENN J. JAZWIEC, and submits to this Court his Sentencing Memorandum. This memorandum is submitted in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a), and in light of *United States v. Booker,* 125 S.Ct. 738 (2005), states as follows:

**Factual Background**

On December 17, 2024, a five-count federal Indictment was filed in the instant case and an arrest warrant was issued for Mr. Spears. A writ of habeas corpus ad prosequendum was issued to the Winnebago County Jail in Rockford, Illinois. On January 7, 2025, Mr. Spears appeared before Judge Margaret J. Schneider wherein he pled not guilty and stipulated to detention. On July 8, 2026, Mr. Spears pled guilty to Counts 3 and 5 of the Indictment before Judge Iain D. Johnston. Count 3 charged him with Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §841(a)(1). Count 5 charged him with Felon in Possession of a Firearm,

in violation of 18 U.S.C. §922(g)(1).

**Sentencing Guidelines**

Mr. Spears offers no objection to the manner in which Probation calculated the sentencing guidelines. He is in agreement that the total offense level is 31 and the criminal history category is VI. This results in an advisory sentencing guideline range of 188 to 235 months' imprisonment.

**I. A sentence of 188 months in this matter is appropriate**

Mr. Spears respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Booker* restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentence range prescribed by the United States Sentencing Guidelines. The Defendant, Mr. Spears, respectfully requests that the Court consider several important circumstances of his case in fashioning the most appropriate sentence and asks this Court to impose a sentence of 188 months.

**II. The Sentencing Factors as Applied to Defendant**

**A. The Nature and Circumstances of the Offense**

Mr. Spears was arrested and pled guilty to Counts 3 and 5 of the Indictment in that he possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §841(a)(1), and of being a felon in

possession of a firearm, in violation of 18 U.S.C. §922(g)(1), respectively.

**B. Defendant's History and Characteristics.**

Mr. Spears comes before this Court and has acknowledged his guilt and has accepted responsibility for his criminal actions.

Mr. Spears is 68 years old and was born on April 13, 1958, in Rockford, Illinois, to his parents, Billy and Ruby. He is one of four children. While his father, Billy, passed away from a heart attack in 1995, his mother, Ruby, succumbed to emphysema in 1998, followed by Mr. Spears' sister, Sharon Copeland, who suffered from a suspected drug overdose and tragically died in 2011. Mr. Spears' older brother, James, and his younger sister, Susan, still reside in Rockford, Illinois, while dealing with their own health-related issues.

Growing up in Rockford, Illinois, Mr. Spears enjoyed living in a safe neighborhood and had good relationships with his family. His parents did not use alcohol and/or drugs, and Mr. Spears was not victim to any physical, verbal, mental, or sexual abuse. When he was 17 years old, Mr. Spears joined the United States Army. He was Honorably Discharged after only three months due to a broken collar bone. That same year, his daughter, Kelley, was born. Mr. Spears' parents remained married until his father passed away in 1995. His family remains supportive of him and are aware of his current situation involving the instant case.

Mr. Spears married Sherry Jackson in July 1976 following a 2-to-3-year relationship. The pair shared two daughters and divorced in 1994. He is currently single and has 5 grandchildren.

Mr. Spears' daughter, Kelley Spears, currently resides in Rockford, Illinois, and works in

telemarketing. She is supportive of her father and is understanding of his current situation. His other daughter, Casey Britton, very tragically died from a fentanyl overdose in 2020. It is difficult for Mr. Spears to talk about Casey's death and her struggle with addiction.

Prior to coming into custody on the instant offense, Mr. Spears lived alone in an apartment in Rockford, Illinois. Upon his release, he would likely continue to live in Rockford although he sadly fears not being released prior to his own death. He indicates his sister, Susan, has had a kidney transplant and his older brother, James, is bedridden.

Mr. Spears would change "everything" if he could—he would never have used drugs if he were given the opportunity to go back in time. Had he not, Mr. Spears predicts he would still be happily married to his ex-wife, Sherry, and operating a car lot.

Mr. Spears is not in great physical health. Since 2014, he has been suffering from chronic kidney problems, which are currently only operating at 50%. In 2015, Mr. Spears had cardiac surgery and had a stent installed. He, additionally, uses an inhaler due to struggling with emphysema and chronic obstructive pulmonary disease. Not only that, but Mr. Spears also suffers from high cholesterol, high blood pressure, thyroid disease, and is borderline diabetic. While he wears glasses, Mr. Spears suspects he may also need hearing aids and dentures.

According to medical records obtained from the Winnebago County Jail, Mr. Spears is currently taking 9 different medications. He has been diagnosed with musculoskeletal pain, hypertension, emphysema, asthma, lower kidney function, gout, and is prediabetic. On October 13, 2026, Mr. Spears is scheduled to undergo a required surgery to repair a hiatal hernia.

Although he does not have a recorded clinical history of mental health or emotional

issues, a significant breathing issue in 2024 led him to very seriously consider committing suicide by shooting himself. The episode scared him and reminded him of his mother's emphysema. Thankfully, Mr. Spears did not attempt suicide and currently denies having any suicidal thoughts since that time. He has no history of mental health treatment or counseling.

When it comes to substance abuse, Mr. Spears has a long history beginning prior to even becoming a teenager. He tried his first beer when he was only 11 or 12 years old. Mr. Spears has never been a big drinker and last consumed alcohol in 2022. On the other hand, Mr. Spears describes himself as being a "weed head." When he was 12 or 13 years old, Mr. Spears tried marijuana for the first time. By the time he turned 18, he states he was "high all day," which continued until the age of 22 when he turned to cocaine. It was not until he was 25 that he went back to smoking marijuana even while serving a sentence in the Illinois Department of Corrections. Every day, Mr. Spears would eat breakfast and then immediately start smoking estimating ingesting 10 to 15 joints or blunts a day, roughly 7 grams of marijuana. The last time he smoked marijuana was the day he was arrested on the instant case in June of 2024. Mr. Spears admits he was addicted to marijuana. At this point, Mr. Spears is done with marijuana and notes it took a toll on his overall health. From the age of 12 to the age of 21, Mr. Spears frequently experimented with acid and mescaline during which time he experienced auditory and visual hallucinations. As a teenager through his early 30s, Mr. Spears also used methamphetamine ("bathtub crank"). From the ages of 22 to 25, he was "hooked" on cocaine and used it every day and started selling it in 1983.

Mr. Spears would like to participate in drug abuse treatment during his sentence in the

Bureau of Prisons. He notes the struggles his sisters had with substance abuse, too; namely, Susan "freebasing" during the 1980s, and his other sister, Sharon, succumbing to a suspected overdose following a years long battle with Vicodin.

Mr. Spears attended Jefferson High School in Rockford, Illinois, from 1972 until late 1974, although he did not graduate. However, he proudly obtained his general educational development (GED) certificate in 1993. He has received a fair number of certifications, including those in construction, small engine repair, hearing, ventilation, and air conditioning (HVAC), custodial maintenance, and phlebotomy.

Mr. Spears' last employment was as a delivery drive for Happy Wok in Rockford, Illinois, where he earned only $6 an hour. He has been collecting Social Security since 2021. If given the opportunity, Mr. Spears would seek employment at a home improvement store or doing food delivery.

**C. (1) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.**

Mr. Spears recognizes that his offenses are serious and that he should be punished for the crimes committed. However, it is respectfully suggested that a sentence to the minimum in the applicable sentencing range will reflect the seriousness of the offenses, will promote respect for the law, and will adequately punish him, particularly in light of other factors personal to him that must be considered by this Court.

The community must know that possessing with the intent to distribute 500 or more grams of a mixture and substance containing a detectable amount of cocaine and being a felon in

possession of a firearm are serious offenses. Mr. Spears understands this and agrees with this. Respect for the law and punishment for violating the law does not require harsh results in all circumstances. Rather, respect for the law and proper punishment for violating the law is achieved by fairly considering all of the factors that are relevant to an individual and the offense that he committed.

Mr. Spears has been shamed for a very long time in the eyes of his family and, particularly, his children and grandchildren. Mr. Spears is not suggesting that his conduct is not responsible for this circumstance and all of the negative ramifications that are possible. Rather, he simply asks this be considered when this Court imposes the sentence deemed to be appropriate under the circumstances.

**C. (2) The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

Mr. Spears recognizes that the sentence imposed should deter other criminal conduct. Mr. Spears believes a sentence of imprisonment at the minimum amount recommended by the Guidelines achieves the goal of deterrence as it will still be a significant sentence. Any period of imprisonment based on these unique set of circumstances will convey the message to the public that possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine and being a felon in possession of a firearm are serious offenses.

**C. (3) The need for the sentence imposed to protect the public from further crimes of the defendant.**

Mr. Spears believes that he will not pose a risk of committing any additional crimes. He fully understands that he must work to regain the trust of others. He fully understands and acknowledges that what he has done is wrong. He placed his own judgment above the law in this case and recognizes his failure in this regard.

**D. The kinds of sentences available.**

For Count 3, the minimum term of imprisonment is five years and the maximum term is 40 years. 21 U.S.C. Section 841(a)(1) and 21 U.S.C. Section 841(b)(1)(B).

For Count 5, the maximum term of imprisonment is 15 years. 18 U.S.C. Section 922(g)(1) and 18 U.S.C. Section 924(a)(8). The guideline imprisonment range is 188 to 235 months.

**E. The kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.**

Mr. Spears agrees that his total offense level is 31 and that his criminal history category is VI. This results in an advisory sentencing guideline range of 188 to 235 months.

**F. Sentence Recommendation**

As discussed above, *Booker* and 18 U.S.C. §3553(a) would indicate that no matter what is recommended under the sentencing guidelines, the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence to the minimum suggested by the guidelines is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence. Mr. Spears recognizes that the seriousness of his offense and the resulting harm warrants imprisonment. He is not attempting to

avoid this reality. The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Finally, Mr. Spears' need for rehabilitation, treatment, and training can be met by the proposed sentence.

The average annual cost of incarceration for federal inmates during the fiscal year 2015 was $31,977.65. *See* Federal Register Volume 81 FR 46957 (July 19, 2016). Pursuant to the same, the cost of incarcerating Mr. Spears for even the minimum of the guidelines would be over $300,000.00. This factor should also be taken into consideration prior to entering a sentence in this matter within the guideline range.

Mr. Spears has pled guilty and thereby demonstrated respect for the law. The proposed sentence will further enable him to develop greater respect for the law. In determining the minimally sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. The Court has great discretion in sentencing in the post-*Booker* world. Mr. Spears respectfully requests this Honorable Court sentence him to a period in the Bureau of Prisons for a term of 188 months which is the minimum of the sentencing guidelines in this matter.

**G. Place of Confinement**

Mr. Spears understands that his place of confinement is determined by the Bureau of Prisons. Mr. Spears requests this Court recommend he be allowed to serve his sentence at whatever appropriate facility closest to his family, children, and grandchildren in Rockford, Illinois.

**H. Conclusion**

For the reasons discussed above, Mr. Spears respectfully requests this Court impose a sentence of 188 months which is the minimum of the sentencing guidelines in this matter.

Respectfully Submitted,

/s/ Glenn J. Jazwiec
Attorney for the Defendant

JAZWIEC LAW OFFICES
Glenn J. Jazwiec
308 W. State Street, Suite 460
Rockford, Illinois 61101
(847) 622-1533
gjazwiec@aol.com

**PROOF OF SERVICE**

The undersigned, Glenn J. Jazwiec, states that on October 19, 2026, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, Ill. Local Rul 5.5, and the General Order on Electronic Case Filing (ECF), the following document DEFENDANT, WILLIAM D. SPEARS, SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE was served pursuant to the district court's ECF system as to all ECF filers.

/s/ Glenn J. Jazwiec
Attorney for the Defendant

JAZWIEC LAW OFFICES
Glenn J. Jazwiec
308 W. State Street, Suite 460
Rockford, Illinois 61101
(847) 622-1533
gjazwiec@aol.com